PIERRE S. MARJON, RELATOR, v. JOSEPH ALTMAN, PROSE-CUTOR OF THE PLEAS OF ATLANTIC COUNTY, ENOCH L. JOHNSON, TREASURER OF ATLANTIC COUNTY, AND THE BOARD OF CHOSEN FREEHOLDERS OF ATLANTIC COUNTY, RESPONDENTS.

Argued October 6, 1937—Decided March 15, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the relator, *William Elmer Brown, Jr.*

For the respondent, *Edmund C. Gaskill, Jr.,* and *David R. Brone.*

The opinion of the court was delivered by

HEHER, J.  On August 31st, 1935, relator, who served this country as a soldier in the World War, and was honorably discharged, was dismissed from service in the office of the prosecutor of the pleas of the County of Atlantic; and he asserts that this was in contravention of the tenure provisions of chapter 14 of the laws of 1907, as amended by chapter 29 of the laws of 1929.  *Comp. Stat.* 1910, *p.* 4873; *Pamph. L.* 1929, *p.* 57.  He seeks a writ of *mandamus* commanding his reinstatement and the payment of salary for the intervening period.

Concededly, he did not hold an office.  His claim is that he was the holder of a "position" within the intendment of the statute invoked.  The question is not free of doubt.  He entered the service of the prosecutor of the pleas on March 1st, 1925, as a "special investigator;" and it seems to be agreed that this was a mere temporary employment.  But he maintains that on August 28th, 1933, he was "transferred or assigned to the duties of 'docket and indictment clerk'" by an assistant attorney-general then in charge of the prosecutor's office—a status that continued until his dismissal—and that thereby his temporary employment was converted into a "position" in the statutory sense.  The fact is, however, that his classification as an "investigator" on the county's records continued without change.  And we are not persuaded that the assignment of the new duties—not necessarily exclusive—served to create a new position and to change relator's status accordingly.  Even though the prosecutor of the pleas so proceeded, his authority in the premises would be open to serious question.  *Murphy* v. *Board of Chosen Freeholders,* 110 *N. J. L.* 9; *Lewis* v. *Jersey City,* 51 *Id.* 240; *McLagh-*

*lin* v. *Jersey City,* 51 *Id.* 240; *State* v. *Weiler,* 6 *N. J. Mis. R.* 465. But we find it unnecessary to pursue the inquiry.

Relator is, it seems to us, indisputably guilty of laches. He instituted no proceeding for the enforcement of his asserted right until the filing of the petition herein on July 22d, 1937. While laches, in its legal signification, ordinarily connotes delay that works detriment to another, the public interest requires that the protection accorded by statutes of this class be invoked with reasonable promptitude. Inexcusable delay operates as an estoppel against the assertion of the right. It justifies the conclusion of acquiescence in the challenged action. This court has consistently frowned upon delays less glaring. *Taylor* v. *Bayonne,* 57 *N. J. L.* 376; *Glori* v. *Board of Police Commissioners,* 72 *Id.* 131; *Drill* v. *Bowden,* 4 *N. J. Mis. R.* 326; *Oliver* v. *New Jersey State Highway Commission,* 9 *Id.* 186; *McMichael* v. *South Amboy,* 14 *Id.* 183.

The claimed non-action of attorneys retained before relator's present attorney (who moved promptly) does not reasonably excuse the failure to proceed for nearly two years. In this connection, it is to be observed that relator did not consult counsel until January, 1936.

Moreover, the long delay was clearly disadvantageous to the municipality, in that reinstatement would entail liability for double compensation, to say nothing of the detriment that frequently flows from the uncertainty respecting the incumbent's status.

We express no opinion on the propriety of *mandamus* as a remedy in the circumstances here presented. The question has not been mooted.

The rule to show cause is accordingly discharged, but without costs.