A writ of certiorari allowed by the former Supreme Court directed a review of an order of the Civil Service Commission reinstating respondent, John B. Baratta, to his position as Assistant City Solicitor of Atlantic City.
The City of Atlantic City, by virtue of a referendum held on November 7, 1939, adopted the provisions of subtitle 3 of the Civil Service Act (R.S. 11:19-1 et seq.). On August *Page 59 
22, 1941, Baratta was assigned by the then Mayor of Atlantic City as an Assistant City Solicitor on a temporary basis pending adoption of an ordinance creating that post. Under authority of the ordinance adopted on September 4, 1941, Baratta was appointed for a term of "one year or until his successor is duly appointed and qualifies," and served in that capacity until March 30, 1944, when the City Commission adopted an ordinance abolishing the office "in the interest of economy and efficiency." Thereupon, Baratta was dismissed, and thereafter was not paid by the City; and, in fact, never rendered any services. Prior to the action under review here, Baratta never took any steps either to test the legality of his dismissal or to obtain reinstatement, except to make inquiry of the City Comptroller on each occasion when a temporary Assistant City Solicitor was appointed. These appointments consisted of one Herbert R. Voorhees, as Legal Assistant to the City Solicitor on September 1, 1944, to serve temporarily during the military leave of absence of Daniel J. Dowling. Voorhees served in that capacity until August 9, 1945, when he requested an indefinite leave of absence. Thereupon, the Mayor immediately appointed one Chaim H. Sandler on a temporary basis. Sandler served until June 16, 1946, when Dowling reassumed his duties upon his return from military service. On the same day the Mayor terminated Sandler's previous temporary appointment and appointed him as "Legal Assistant to the City Solicitor on a temporary month to month basis," since which time Sandler has served continuously. On September 2, 1947, Baratta made a written demand by letter upon the City Commission for reinstatement to his position, to which the city refused to accede, on the ground that his application was without legal merit. He thereupon appealed to the Civil Service Commission and, after a hearing, the Commission ordered Baratta "be forthwith returned to pay and position as Assistant City Solicitor or Legal Assistant in the Law Department in the City of Atlantic City, * * *."
Appellant advances several grounds for a reversal of the Civil Service Commission's order. We need consider only one, viz.: *Page 60 
Was respondent, Baratta, guilty of such inaction and delay as to constitute such laches as would preclude him from successfully asserting his right to reinstatement?
"Laches in a general sense is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. More specifically, it is inexcusable delay in asserting a right * * *." 30 C.J.S., § 112,pp. 520, 521.
"Long lapse of time, if unexplained, may create or justify a presumption against the existence or validity of plaintiff's right and in favor of the adverse right of defendant; or a presumption that, if plaintiff was ever possessed of a right, it has been abandoned or waived, or has been in some manner satisfied; or that plaintiff has assented to, or acquiesced in, the adverse right of defendant; or a presumption that the evidence of the transaction in issue has been lost or become obscured, or that conditions have changed since the right accrued; or a presumption that the adverse party would be prejudiced by the enforcement of plaintiff's claim." 30 C.J.S., § 116 b, p. 538.
Under the factual situation here, we are of the opinion that Baratta was not diligent in the prosecution of his alleged right; in fact, his failure, over such a long period of time, from March, 1944, to the date of the commencement of his action in September, 1947, notwithstanding his admitted knowledge of all the circumstances, constitutes glaring proof of inaction on his part and may be properly labeled as laches. He attempts to justify his failure to act by urging that his examination of the several letters of appointment of the Assistant City Solicitors revealed that they were merely temporary. It is significant to note that the temporary appointments comprise a period of approximately three years of inaction and negligence by Baratta in failing to assert his alleged right to the position.
The only other explanation offered by Baratta is that he talked with a public official of Atlantic County who indicated his willingness to intercede for him in securing a restoration of his position. The official in question had no official position with the city government. Any discussions Baratta had with him cannot avail, therefore, as a justifiable reason for his lack of diligence. In addition, there is no testimony in *Page 61 
the record that Baratta's "emissary" ever discussed these negotiations with any of the City Commissioners. The Civil Service Commission found that Baratta had not delayed asserting his rights. From our examination of the record we find that the proofs do not support this conclusion.
We are of the opinion that Baratta's failure to satisfactorily explain his inaction estops him from now asserting or obtaining the relief he seeks. The law of this State is well settled that in the casesub judice, a public employee's right to reinstatement, even assuming, but not deciding, that his removal or other interference with his rights may be unjust and unwarranted, may be lost by his unreasonable delay in asserting his rights. This recognized principle of law is founded upon considerations of public policy and its application is warranted here. It was so held in the case of Marjon v. Altman, 120 N.J.L. 16
(Sup. Ct. 1938), wherein Mr. Justice Heher, speaking for the court, stated:
"Relator is, it seems to us, indisputably guilty of laches. He instituted no proceeding for the enforcement of his asserted right until the filing of the petition herein on July 22, 1937. While laches, in its legal signification, ordinarily connotes delay that works detriment to another, the public interest requires that the protection accorded by statutes of this class be invoked with reasonable promptitude. Inexcusable delay operates as an estoppel against the assertion of the right. It justifies the conclusion of acquiescence in the challenged action. This court has consistently frowned upon delays less glaring.Taylor v. Bayonne, 57 N.J.L. 376; Glori v. Board of PoliceCommissioners, 72 Id. 131; Drill v. Bowden, 4 N.J. Misc. 326; Oliverv. New Jersey State Highway Commission, 9 Id. 186; McMichael v.South Amboy, 14 Id. 183."
Cf. Board of Education of Garfield v. State Board ofEducation, 130 N.J.L. 388 (Sup. Ct. 1943); DeStefano v.Civil Service Commission, 126 N.J.L. 121 (Sup. Ct. 1941);Hinners v. Banville, 114 N.J. Eq. 348 (E. A. 1933).
Baratta now seeks to avoid the consequences of his laches by waiving his claim for compensation for the period comprised by his dismissal and the commencement of his action. This waiver should not nor does it warrant this court eliminating from our consideration the fact of Baratta's unwarranted inaction. *Page 62 
In Marjon v. Altman, supra, Mr. Justice Heher stated:
"Moreover, the long delay was clearly disadvantageous to the municipality, in that reinstatement would entail liability for double compensation, to say nothing of the detriment that frequently flows from the uncertainty respecting the incumbent's status."
The order of the Civil Service Commission is set aside.