[Civ. No. 19156. Second Dist., Div. One. Jan. 22, 1953.]

JAMES RUSSELL KIMBERLIN, Appellant, v. LOS ANGELES CITY HIGH SCHOOL DISTRICT et al., Respondents.

Tanner, Odell & Taft and Robert A. Odell for Appellant.

Harold W. Kennedy, County Counsel, William E. Lamoreaux and Clarence H. Langstaff, Deputy County Counsel, for Respondents.

DRAPEAU, J.—By this proceeding in mandamus, petitioner Kimberlin seeks to compel the respondents to reinstate him in a teaching position; classify him as a permanent employee, and pay him alleged accumulated salary.

Petitioner is a certificated teacher of wood shop, and served in that capacity for the school years 1948-1949 and 1949-1950 under the classification of probationary employee.

"The school year begins on the first day of July and ends on the last day of June." (Ed. Code, § 8101.) In the Los Angeles District, the probationary period is two complete consecutive years; hence at the beginning of the third consecutive school year a teacher in this district is entitled to classification as a permanent employee, if reemployed. (Ed. Code, § 13083.) In the absence of resignation or dismissal, he is automatically reemployed and classified a permanent employee.

In the instant case, respondents claim that petitioner was dismissed at the end of the second year. Petitioner contends that respondents did not comply with the law; that he was not lawfully dismissed, and consequently is entitled to reinstatement and to a permanent classification.

The applicable sections of the Education Code are:

"13581. *Dismissal during school year for cause only.* Governing boards of school districts shall dismiss probationary employees during the school year for cause only, as in the case of permanent employees.

"13582. *Notice of nonrequirement of services during ensuing year. (Time for giving.)* On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year. (*Delivery or mailing to employee.*) The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.

"13583. *Dismissal for cause in districts with average daily attendance of 60,000 or more.* Anything in Section 13582 to the contrary notwithstanding, governing boards of school districts having an average daily attendance of 60,000 or more pupils·shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof."

The record discloses that on May 5, 1950, respondent board notified petitioner by letter that "on May 4, 1950, written charges . . . were filed with the Board of Education . . . charging that there exists a cause or causes for your dismissal. We enclose a copy of said charges.

"You are hereby further notified that it is the intention of said Board of Education to dismiss you upon the 16th day of June, 1950, unless, within fourteen (14) days after the date of service of this notice, you file with the Board of Education a verified answer in writing to these charges and a written request for a hearing upon the same. If you do request a hearing, then the Board of Education will fix a time and place therefor and will notify you accordingly."

On May 18, 1950, petitioner's then counsel wrote to respondent board to the effect that the procedures adopted for dispensing with Mr. Kimberlin's services did not comply with the Education Code. This for the reason that the hearing on his dismissal should have taken place prior to May 15th, and that any hearing held subsequently would be ineffectual for any purpose.

Respondent board on June 6th notified petitioner that on June 12, 1950 it would hold "a hearing on the charges filed with the Board of Education on May 4, 1950, asking your dismissal from your position as a probationary employee of the Los Angeles City High School District."

To this, petitioner's counsel replied that petitioner would not participate in the hearing. At its hearing on June 15th, continued from June 12th, the board found the charges against petitioner were true, and on June 16th sent to him by registered mail the following notice:

"In accordance with findings and order adopted by the Board of Education at its continued special meeting on June 15, 1950, you are hereby notified that you are dismissed from your position as Probationary Teacher in the Los Angeles City High School District, effective at the close of business June 30, 1950, and that your services will not be required for the ensuing year."

On April 26, 1951, petitioner made demand for reinstatement; for classification as a full time permanent employee, and for payment of back salary through the month of March, 1951.

The instant proceeding in mandamus was filed on June 14, 1951. Petitioner appeals from the judgment denying his petition for a peremptory writ of mandate which was based upon findings and conclusions of the trial court that (1) he had been dismissed in the manner required by law; (2) he was guilty of laches for unreasonable delay in commencing this proceeding; and (3) he failed to exhaust his administrative remedies.

This court agrees with the trial's court conclusion that appellant was guilty of laches. ■ This for the reason that, as said in *Newbury* v. *Civil Service Com.*, 42 Cal.App. 2d 258, 261 [108 P.2d 745]:

"The question of laches is in the first instance one for the determination of the trial court and its conclusion will not be set aside by an appellate court if such determination finds substantial support in the evidence. (*Greenberg* v. *DuBain Realty Corp.*, 27 Cal.App.2d 111, 118 [80 P.2d 537])."

■ See, also, *Fry* v. *Board of Education*, 17 Cal.2d 753, 761 [112 P.2d 229]; *Fabian* v. *Alphonzo E. Bell Corp.*, 55 Cal. App.2d 413, 415 [130 P.2d 779]; and *La Shells* v. *Hench*, 98 Cal.App. 6, 15 [276 P. 377], where it is stated: "Laches is a question of fact on the evidence, and each case becomes largely a law unto itself. In other words, the matter is one which reposes in the sound discretion of the chancellor. . . . Laches in legal significance is not mere delay, but delay that works a disadvantage to another, mere delay being unimportant. The reasoning upon which the rule of laches is based is not alone a lapse of time during which the neglect to enforce a right has existed, but the changes of conditions which have intervened."

Here the alleged final notice of dismissal was dated June 16, 1950. Ten months later on April 26, 1951, petitioner made demand upon respondents for reinstatement. He did not file the instant proceeding until June 14, 1951. In excuse for the delay, petitioner testified that his attorney suffered a physical breakdown and discontinued his law practice early in December of 1950. Also, that another attorney, who was recommended to him, could not take his case because "he was called to Sacramento on business." And that finally in March of 1951, he procured the services of counsel who now represent him.

It is here contended that no evidence whatever was offered by respondents in support of their affirmative defense of laches, but that the court made a finding that the board employed another teacher who held appellant's position during the school year 1950-1951 and concluded that petitioner was guilty of laches for unreasonable delay in commencing the instant action.

In connection with this defense, respondents alleged in their answer:

"III. That the respondents notified the petitioner on May

5 and on June 16, 1950, that his services would not be required for the 1950-51 school year and that he was dismissed as a probationary teacher; that on September 11, 1950, at the time of opening of school for said school year, respondent Board of Education employed another teacher to fill the position formerly held by the petitioner; that said teacher held said position during the entire 1950-51 school year and was paid in full the salary provided for said position; that respondent Board of Education, prior to the service and filing. of the petition herein, entered into a contract in writing with said teacher for said position for the 1951-52 school year; that there is no vacant position to which petitioner could now be assigned; that the petition herein was served on respondents on June 11, 1951, and filed in the above entitled court on or about the same date.

"IV. That by reason of the aforesaid, respondents have been prejudiced so that petitioner ought to be estopped from obtaining the writ of mandate prayed for."

Section 1091 of the Code of Civil Procedure provides that on trial of a proceeding in mandamus "the applicant is not precluded by the answer from any valid objection to its sufficiency and may countervail it by proof either in direct denial or by way of avoidance." Under this section "affirmative allegations of the answer are to be taken as true, unless they are countervailed by pleading or proof *presented by the petitioner*; to this extent the answer may be considered as if it were evidence." (16 Cal.Jur., 869, § 66, citing *Hunt* v. *Riverside*, 31 Cal.2d 619, 623 [191 P.2d 426]; *Ertman* v. *Municipal Court*, 68 Cal.App.2d 143, 150 [155 P.2d 908, 156 P.2d 940].) See, also, *McClatchy* v. *Matthews*, 135 Cal. 274, 276 [67 P. 134].

On the question of prejudice or disadvantage resulting to the defendant in a mandamus proceeding by reason of petitioner's dilatory tactics, it was stated in *Hayman* v. *City of Los Angeles*, 17 Cal.App.2d 674, 680 [62 P.2d 1047], as follows:

"It is not the lapse of time so much as it is the consequences of the delay which goes to make up the defense of laches. Unless prejudice results from the delay the defense is not established, but if prejudice has resulted, the one whose prompt action would have forestalled it can avoid the responsibility only by showing that he sought his remedy promptly. It is to be presumed that where one has been dismissed from an active position in the public service someone

else has been chosen to take his place. The work has to be done and it has to be paid for. It appears from the answer of defendants that ever since petitioner's discharge his position has been filled by one or more of the other city employees, and that there was at the time of the filing of the petition no vacant position in the department to which petitioner could be assigned. If petitioner should be reinstated, he no doubt would lay claim to the salary which he would have earned except for his discharge . . . Whatever he might receive would be for services which he had not rendered but which had been performed by others, who had been compensated therefor. The city would thereby be prejudiced."

The same reasoning applies to the facts here under review. This notwithstanding the fact that at the trial, appellant, through his counsel, offered to waive his right to receive compensation for the period prior to judgment should the court order his reinstatement. Without undertaking to determine the effectiveness of such purported waiver, the fact remains that another had been appointed to the position formerly held by appellant, whose employment may not be terminated except for cause. (Ed. Code, § 13583, *supra*.) Thus the respondent district would be prejudiced if appellant were now reinstated by reason of the financial burden incident to the addition of another employee.

Because of the conclusions reached herein, it is not deemed necessary or expedient to discuss other very interesting questions presented by this appeal.

For the reasons stated, the judgment is affirmed.

Doran, Acting P. J., and Patrosso, J. pro tem., concurred.

A petition for a rehearing was denied February 18, 1953.