[Civ. No. 21265.   Second Dist., Div. Two.   Apr. 19, 1956.]

JEANETTE NEWMAN, Appellant, v. THE BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Jeanette Newman, in pro. per., for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and George William Adams, Deputy City Attorney, for Respondents.

FOX, J.—By this mandate proceeding petitioner seeks restoration to her former civil service position as an intermediate clerk stenographer in the Police Department of the City of Los Angeles. Upon the filing of her petition, the court denied an alternative writ. Petitioner appeals from this order.

On February 2, 1953, petitioner was discharged by the chief of police. In due course she was furnished the grounds for her discharge. Upon her request to the civil service commission for a hearing thereon the commission appointed Joseph W. Hawthorne, general manager of the department, as hearing examiner to conduct a hearing into the cause of petitioner's discharge. Petitioner requested the commission to disqualify Mr. Hawthorne as hearing examiner on the ground that his close official relationship to the administration of the police department and her previous contact with him caused her to believe he was prejudiced against her and would favor the administration of the police department and could not conduct a fair and impartial hearing. The commissioners refused to reconsider the appointment of Mr. Hawthorne as hearing examiner and instructed him to proceed with the hearing. Thereafter he conducted hearings on three separate days at which evidence was introduced by both sides. Upon the completion of these hearings the examiner prepared and submitted to the civil service commission his report finding

that six of the seven grounds stated for petitioner's discharge were established and recommending that her discharge be sustained.

On July 24, 1953, the commission considered the examiner's report, adopted it, and voted to sustain petitioner's discharge.

On October 5, 1953, petitioner filed a demand for reinstatement with the commission, which denied it on November 13, 1953.

Petitioner filed this proceeding on February 8, 1955. This was more than 18 months after her discharge had been sustained and almost 15 months after her demand for reinstatement was denied.

On the face of the petition we are met with the question of laches. The rule on this question was stated by this court in *Hicks* v. *City of Los Angeles,* 133 Cal.App.2d 214, at page 219 [283 P.2d 1046], as follows: "Considerations of public policy require that an employee of a public body who claims to have been improperly or illegally discharged must act with utmost diligence in asserting his rights. (*Jones* v. *City of Los Angeles,* 120 Cal.App.2d 858, 861 [262 P.2d 37]; *Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310, 315 [117 P.2d 901].) In *Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674 [62 P.2d 1047], where there was a delay of nine months in filing suit, during which time plaintiff had attempted to obtain reinstatement to his position by negotiation, the court stated (p. 680): 'It is to be presumed that where one has been dismissed from an active position in the public service someone else has been chosen to take his place. The work has to be done and it has to be paid for.' [Citations.] In the Campbell case, *supra,* it is said 'Unless facts be alleged which constitute a sound excuse for a delay of 15 months, such delay in commencing the action is absolutely indefensible' and deprives 'petitioner of all rights to equitable consideration.' " (P. 315.) This rule was recently applied by this court in *Corcoran* v. *City of Los Angeles,* 136 Cal.App.2d 839 [289 P.2d 556], where the period of delay in filing suit was 19 months after plaintiff's discharge was sustained as against approximately 18½ months in the instant matter, and about 16 months after his demand for reinstatement was denied as against almost 15 months in the case at bar (p. 844). In *Kimberlin* v. *Los Angeles City High School Dist.,* 115 Cal.App.2d 459 [252 P.2d 344], petitioner was barred by laches where he had delayed 12 months in filing suit for

reinstatement. Under these authorities it is clear that petitioner has not shown a basis for any relief in the absence of a satisfactory explanation of her delay in filing suit.

Petitioner's excuse for not acting more expeditiously is lack of funds. This, however, is not a sufficient excuse for delay in asserting one's rights. The rule has been stated by the United States Supreme Court in *Leggett* v. *Standard Oil Co.*, 149 U.S. 287, 294 [13 S.Ct. 902, 37 L.Ed. 737], in the following language: "No sufficient reason is given for this delay in suing. It is sought to be excused on the ground of the plaintiff's poverty during this period; but in the case of *Hayward* v. *Eliot Nat. Bank*, 96 U.S. 611, 618 [24 L.Ed. 855], this court said that a party's poverty or pecuniary embarrassment was not a sufficient excuse for postponing the assertion of his rights." (See also 19 Am.Jur., § 503, p. 349.) Furthermore, upon petitioner's making a proper showing of her impecuniosity she was entitled to sue *in forma pauperis* and thus be relieved of court costs (13 Cal.Jur. 246, § 27.) Of course she was entitled to appear in propria persona in the trial court just as she appeared in such capacity on this appeal.

Petitioner seeks to avoid the effect of laches by praying for only such amount of back salary as would be fair and equitable and expressly waiving any claim in excess of such amount.

Since the work of the police department must go on, the presumption is that petitioner's position was promptly filled after her discharge. (*Hayman* v. *City of Los Angeles*, 17 Cal.App.2d 674, 680 [62 P.2d 1047].) She does not allege the contrary.

In *United States ex rel. Arant* v. *Lane*, 249 U.S. 367, 372 [39 S.Ct. 293, 63 L.Ed. 650], it is pointed out that "When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified *the government service may be disturbed as little as possible,* and that two salaries shall not be paid for a single service." (Italics added.)

In *Corcoran* v. *City of Los Angeles, supra,* this court said (p. 842): "With respect to actions brought by discharged public officers and employees to obtain reinstatement, it has been uniformly held that they must act with the utmost dili-

gence in asserting their rights.'' If unreasonable delay occurs, prejudice is presumed. (*Corcoran* v. *City of Los Angeles, supra.*) However, such presumption does not arise in every situation for often the delay in asserting a party's claim to reinstatement in a public employment is excusable. (See *Dresser* v. *City of Torrance, ante,* p. 42 [294 P.2d 962].)

In *Atlantic City* v. *Civil Service Com. of New Jersey,* 3 N.J.Super. 57 [65 A.2d 535], a discharged employee attempted to avoid the consequences of laches by waiving his claim for compensation for the period between the date of his dismissal and the filing of his suit. In discussing this question the court stated: ''This waiver should not nor does it warrant this court eliminating from our consideration the fact of Barratta's unwarranted inaction. In *Marjon* v. *Altman, supra* [120 N.J.L. 16 [197 A. 724)], Mr. Justice Heher stated: 'Moreover, the long delay was clearly disadvantageous to the municipality, in that reinstatement would entail liability for double compensation, to say nothing of the *detriment that frequently flows from the uncertainty respecting the incumbent's status.*' '' (Italics added.)

Assuming, *arguendo,* petitioner has waived* and can waive effectively back salary (see *Kimberlin* v. *Los Angeles City High School Dist., supra,* p. 465), she does not thereby entirely eliminate prejudice to the city by her undue delay in filing suit for reinstatement. If petitioner were reinstated in her old position her successor would naturally have to be displaced and no doubt reinstated in another position, thus displacing another employee. This disruptive process might well continue on down through the department. Such uncertainty is detrimental to employee morale and to the department's efficiency and effectiveness. The service to the public is thereby disturbed and consequently suffers. (*Atlantic City* v. *Civil Service Com. of New Jersey, supra*; *United States ex rel. Arant* v. *Lane, supra*; *Corcoran* v. *City of Los Angeles, supra*; *Kramer* v. *Board of Police Comrs.,* 39 Cal. App. 396, 401 [179 P. 216].) ▪ Under the principles of these cases, it is clear that by seeking to recover only such back salary as is fair and equitable petitioner has not eliminated the element of prejudice caused the city by her delay, and she cannot thus escape the application of the doctrine of laches.

---

*On July 27, 1953, petitioner filed a claim for salary with the city clerk. It was denied by the city council on November 18, 1953.

▮ Petitioner argues that the commission should have replaced Mr. Hawthorne as hearing officer on the basis of her charges that he was biased and prejudiced against her and could not.give her an impartial hearing. There is no merit in this point. She did not allege any facts showing bias or prejudice or unfairness on the part of Mr. Hawthorne. Her charges were based solely on her conclusions. In such circumstances, the commission was justified in directing Mr. Hawthorne to proceed with the hearing.

Examination of the record fails to indicate that she did not have a fair hearing. Because of a conflict in the testimony between petitioner and her supervisor, the hearing examiner held that the evidence was insufficient to prove charge Number 4. In holding that another charge (No. 7) was established, the hearing officer nevertheless characterized it as ''somewhat trivial.'' The record indicates that petitioner was given a full opportunity to present her case. ▮ It does not appear that the hearing was not conducted in the manner required by law. The presumption is, therefore, that the hearing officer and the commission properly performed their respective duties. (Code Civ. Proc., § 1963, subd. 15; *Hackett* v. *Morse,* 45 Cal.App. 788, 791 [188 P. 308].)

To recite the evidence produced at the hearing would serve no useful purpose. Suffice it to say, there is substantial evidence to support all the findings of the hearing examiner with the exception of charge Number 4. These findings were reviewed and approved by the civil service commission.

Petitioner contends that the penalty of discharge was unduly harsh and excessive. ▮ In this matter, however, it is ''the established rule that the determination of the penalty to be imposed by an administrative agency lies with the agency and not with the court.'' (*Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 912 [289 P.2d 863].) Under this rule it is obvious that the courts can be of no assistance to petitioner with respect to the penalty imposed.

▮ In her reply brief petitioner presents and discusses certain asserted facts that are not in the record. Under approved appellate procedure we, of course, cannot consider such matters.

The order is affirmed.

Moore, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 6, 1956.