[Civ. No. 22818.   First Dist., Div. Three.   Dec. 15, 1966.]

WILLIAM WISURI, Plaintiff and Appellant, v. NEWARK SCHOOL DISTRICT OF ALAMEDA COUNTY, De- fendant and Respondent.

Hollander, Lipian, Horwitz & Kornfield, Lipian, Horwitz & Kornfield and Jack H. Lipian for Plaintiff and Appellant.

J. F. Coakley, District Attorney, Allan David Heskin and James E. Jefferis, Deputy District Attorneys, for Defendant and Respondent.

SALSMAN, J.—Appellant William Wisuri filed a petition for a writ of mandamus against respondent Newark School District to require the district to reinstate him to the position of custodian from which he had been dismissed by the board of trustees. Respondent demurred to the petition on two grounds, first that it stated no cause of action, and second that the relief requested was barred by appellant's inexcusable and unreasonable delay in the filing of the petition. The superior court sustained the demurrer on the grounds that the petition stated no cause of action and that ''. . . insufficient reason is shown for filing petition.'' The parties seem to agree that the last stated ground for sustaining the demurrer related to appellant's failure to state excuse for his delay in filing of the petition. The court granted appellant 20 days to amend, but he did not amend, and judgment of dismissal followed.

On or about March 20, 1962 appellant was served with a written notice that on March 27th the board of trustees of respondent district would consider his prospective dismissal from district employment. The causes for dismissal stated in the notice were: (1) Failure and refusal to follow rules and regulations in presenting complaints through his immediate supervisor; (2) inability to get along with other employees, and (3) disturbing and annoying other employees while they were performing their duties.

On the date stated in the notice, appellant appeared before the board with his attorney. The hearing was commenced by the reading to the board of its minutes of May 29, 1961, which reviewed problems of the district with appellant and recited the orders given him at that time. The district superintendent called the board's attention to a petition signed by all male employees of the district and lodged with the board, requesting that ''something be done'' about appellant. Appellant's attorney requested a continuance but the board denied it. The board heard numerous witnesses. Appellant was afforded an opportunity to speak in his own defense.

From the record of the hearing compiled by the board, and attached as an exhibit to the petition, it appears there was testimony that appellant had criticized the board, the superintendent of buildings and grounds, and the district superintendent; that he had referred to fellow employees and the district

superintendent as "bums" and as to some had asserted they were not doing a good job; that appellant had refused to perform some of his duties, particularly the driving of a bus, and that he had threatened his immediate supervisor and had stirred up trouble and discontent among the employees. At the conclusion of the hearing the board dismissed appellant from district employment.

On March 10, 1964, nearly two years after dismissal, appellant began these proceedings, but delayed an additional 5½ months before having issued and served upon respondent an order to show cause why the relief prayed for in the petition should not be granted.

Appellant contends that allegations in his petition charging failure to give adequate notice of the hearing, denial of an opportunity to prepare an adequate defense, and misconduct of the board, sufficiently plead a lack of good cause for his dismissal and hence that it was error to sustain the district's demurrer.

▇▇ Appellant first argues that he did not have adequate notice of the specific charges made against him at the hearing before the board. He cites Education Code section 13583,[1] which at the time this case arose provided: "Any employee designated as a permanent employee shall be subject to dismissal for cause, only, as determined by the governing board." He argues that the language "for cause, only" means that a district employee may be discharged only if he is given notice of the specific charges against him and a hearing held on such charges, citing *Keenan* v. *San Francisco Unified School Dist.*, 34 Cal.2d 708, 715 [214 P.2d 382]. (See also *Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 723 [160 P.2d 816].) But we think the notice here was sufficient, and that the evidence adduced in support of its allegations ample to uphold the board's action in dismissing appellant from its service.

▇▇ The notice is not to be tested by all of the requirements necessary to a valid complaint in an action at law. All that is required is that the notice adequately inform appellant of the charges against him so that he may prepare a defense and not be disadvantaged by surprise at the hearing. ▇▇ The notice charged appellant with ". . . inability to get along with other . . . Employees of the . . . District. . . ." The evidence was that he threatened his supervisor. He was also

---

[1]Section 13583, Stats. 1959, ch. 2, as amended by Stats. 1959, ch. 1901, § 1, p. 4472, was repealed by Stats. 1965, ch. 1663, § 4. It was replaced by new section 13583.

charged with failure to present his complaints to his immediate supervisor. The evidence was that he had characterized the district superintendent and other district employees as "bums," had asserted that some were not doing a good job, and that these statements had been made to various district employees. Appellant was afforded a full opportunity to meet these charges. He made no denial. If these charges were in fact untrue, appellant should have forthrightly and vigorously denied them. Instead, when called upon to speak, he merely asserted that he had no complaints. Upon these facts we cannot rule the board's action invalid.

■ Appellant next asserts that the board's proceedings were void because he was not granted a continuance. As we have recited, appellant's attorney requested a continuance during the hearing. But there was no showing that appellant could have produced any further or additional evidence in his behalf if a continuance had been granted. The evidence against appellant was uncontradicted and most if not all of it could have been denied by appellant if the facts warranted denial. Many of appellant's fellow employees who were complaining of appellant's disruptive behavior were present at the hearing and could have been called as witnesses and cross-examined by appellant if statements attributed to them were believed false and untrue. But again this was not done. Since no serious effort was made to refute the charges made against him and it was not urged that other evidence was available to appellant, we find no abuse in the board's refusal to grant him a continuance.

■ Appellant also attempts to show that the board was biased and prejudged his case. This argument must fail. It is true that board members had knowledge of some of the evidence before the hearing began. It had held at least one prior hearing concerning appellant's conduct as an employee, and the members necessarily knew the facts developed at that hearing. Furthermore, it is the duty of board members to be informed upon all matters affecting the efficient administration of the school district, including, of course, the relationship of employees with each other. If there is discord among them the board should seek out its cause, and if possible eliminate it. It avails appellant nothing to charge board members with such knowledge, or with opinions concerning a possible solution of the problem. ■ All that is required here is that the board afford appellant reasonable notice of the charges, that it conduct its hearing fairly and that appellant be given a full

opportunity to refute the charges against him. (*Griggs* v. *Board of Trustees,* 61 Cal.2d 93 [37 Cal.Rptr. 194, 389 P.2d 722]; *Keenan* v. *San Francisco Unified School Dist., supra,* 34 Cal.2d 708, 713.) The board complied with these rules, and the record of its findings, attached to appellant's petition as an exhibit, supports its ruling.

▮ Appellant properly contends that the decisive issue in the case is whether he is barred from asserting a claim for relief because of laches. Respondent's demurrer raised this issue by asserting that appellant had inexcusably and unreasonably delayed the filing of his action, to respondent's prejudice. The defense of laches may be raised by demurrer. (*Garrity* v. *Miller,* 204 Cal. 454 [268 P. 622]; *King* v. *Los Angeles County Fair Assn.,* 70 Cal.App.2d 592 [161 P.2d 468].) But appellant argues that delay alone is insufficient to establish the defense of laches; that prejudice must be shown, and that the record here reflects no prejudice to respondent.

It is true there are no facts in the record which show affirmatively that the district has suffered prejudice from appellant's delay in asserting his claim to reinstatement. ▮ The rule is firmly established, however, that a public employee who claims to have been wrongfully discharged must assert his claim to reinstatement promptly and press it with diligence. (*Wolstenholme* v. *City of Oakland,* 54 Cal.2d 48, 50 [4 Cal. Rptr. 153, 351 P.2d 321]; *Newman* v. *Board of Civil Service Comrs.,* 140 Cal.App.2d 907, 909 [296 P.2d 41]; *Hicks* v. *City of Los Angeles,* 133 Cal.App.2d 214, 219 [283 P.2d 1046].) Here appellant delayed 23½ months before filing his petition for mandate, and waited a further period of 5½ months before having issued and served an order to show cause. Discharged public employees have been found guilty of laches in many cases where the period of delay in seeking relief was less than appellant's delay in this case. (*Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674 [62 P.2d 1047] [9 months]; *Kimberlin* v. *Los Angeles City High School Dist.,* 115 Cal.App.2d 459 [252 P.2d 344] [12 months]; *Donovan* v. *Board of Police Comrs.,* 32 Cal.App. 392 [163 P. 69] [16 months]; *Newman* v. *Board of Civil Service Comrs., supra,* 140 Cal.App.2d 907 [18 months], and *Jones* v. *City of Los Angeles,* 120 Cal.App.2d 858 [262 P.2d 37] [19 months].

▮ Where, as here, a public employee delays unreasonably in pressing his claim for reinstatement, it is presumed that the public body has suffered prejudice by the delay. (See *Wolstenholme* v. *City of Oakland, supra,* at p. 50, and cases cited.)

The reason for the presumption is that an active public position involving the discharge of essential services to the public must be filled, and will be presumed to have been filled in the event of a vacancy. When the discharged employee unreasonably neglects to seek reinstatement, an employee who has filled the vacancy may himself obtain a right to permanent employment and be subject to discharge only for cause, so that reinstatement of the discharged employee may result in two employees for a single job, with an obvious financial burden to the public body.

Appellant did not assert in his petition that the job from which he had been discharged had not been filled by respondent. In sustaining the demurrer, the court granted leave to amend. Appellant did not amend. We must presume that he has pleaded his case as strongly as he can, and that he cannot truthfully allege that the vacancy resulting from his discharge still exists. (See *Morris* v. *Toy Box*, 204 Cal.App.2d 468, 474 [22 Cal.Rptr. 572] ; *Tokar* v. *Redman*, 138 Cal.App.2d 350, 355 [291 P.2d 987].) The presumption of prejudice from appellant's delay is unrebutted, and we conclude therefore that the trial court properly sustained respondent's demurrer to the petition, and upon appellant's failure to amend, correctly granted a judgment of dismissal.

The judgment is affirmed.

Draper, P. J., and Devine, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairman of the Judicial Council.