**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1198-17T3

ORANGE POLICE
DEPARTMENT SUPERIOR
OFFICERS ASSOCIATION,

      Plaintiff-Respondent,

v.

CITY OF ORANGE TOWNSHIP,

      Defendant-Appellant.

_____

Argued November 27, 2018 – Decided January 14, 2019

Before Judges Rothstadt, Gilson, and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket Nos. C-000108-17 and C-000115-17.

John J.D. Burke argued the cause for appellant (Scarinci & Hollenbeck, LLC, attorneys; Ramon E. Rivera, of counsel and on the briefs; Jason T. Mushnick and Krystle Nova, on the briefs).

Lynsey A. Stehling argued the cause for respondent (Law Offices of Daniel J. Zirrith, LLC, attorneys;

Daniel J. Zirrith, of counsel and on the brief; Lynsey A. Stehling, on the brief).

PER CURIAM

The City of Orange Township (City) appeals from a September 19, 2017 order confirming two arbitration awards that granted longevity back pay, with interest, to a City police lieutenant. The awards arose out of a grievance that had been filed by the lieutenant's union, Orange Police Department Superior Officers Association (Union). The City argues that the awards should be vacated because the arbitrator exceeded or imperfectly executed his authority, the grievance was untimely or barred by laches, and there was no legal basis to award back pay or interest. In addition, before the Chancery Court, the City argued for the first time that there should have been no award for the time when the lieutenant was a patrol officer and not a superior officer represented by the Union.

Having reviewed the City's arguments in light of the record and law, we affirm substantially for the reasons set forth in the written opinion of Judge Thomas M. Moore. In his thorough, twenty-one-page decision, Judge Moore accurately set forth the facts and procedural history of the grievance and arbitration. In summary, the City and Union are parties to a collective bargaining agreement (Agreement) that governs the terms and conditions of the

employment of superior police officers. The Agreement provides for longevity incremental payments. The Agreement also sets forth procedures for asserting a grievance and for arbitration if the grievance is not resolved.

The grievant, Lieutenant Rothenberger, asserted that the City failed to credit her with longevity for the forty-one months she was placed on involuntary disability pension between November 1997 and April 2001. The City acknowledged that Rothenberger was entitled to the forty-one months of time towards her longevity. The City, however, disputed giving Rothenberger longevity credit retroactively. That dispute was submitted to arbitration and the arbitrator made two awards. First, the arbitrator found that Rothenberger was entitled to credit for the forty-one months and she was also entitled to back pay for the period of time that she was not receiving the proper incremental longevity payments. Second, the arbitrator awarded a specific amount for back pay, which was just over $129,000, and reasonable interest.

After accurately summarizing the facts and procedural history, Judge Moore analyzed each of the City's arguments, which are the same arguments the City iterates on this appeal. Judge Moore correctly identified the limited scope of review a court uses in evaluating a challenge to a public-sector arbitration award. See Policemen's Benevolent Ass'n v. City of Trenton, 205 N.J. 422, 428-

A-1198-17T3

29 (2011) (discussing the deferential standard of review and recognizing that "[t]hat high level of deference springs from the strong public policy favoring 'the use of arbitration to resolve labor-management disputes.'" (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 275-76 (2010))). Judge Moore also correctly identified and applied the law in rejecting each of the City's arguments.

In that regard, Judge Moore correctly ruled that the arbitrator had not exceeded or imperfectly executed his authority. See N.J.S.A. 2A:24-8(d). Instead, the arbitrator had properly considered the issues the City and Union had agreed to arbitrate. Moreover, the arbitrator had based his award on the governing provisions of the Agreement. As Judge Moore noted, the arbitrator's interpretation of the agreement was reasonably debatable and, thus, the awards were not subject to being overturned by a court. See Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) ("Generally, when a court reviews an arbitration award, it does so mindful of the fact that the arbitrator's interpretation of the contract controls."). See also N.J. Transit Bus Operations, Inc. v. Amalgamated Transit Union, 187 N.J. 546, 553-54 (2006) ("[R]eview of an arbitrator's interpretation is confined to determining whether the interpretation of the contractual language is 'reasonably debatable.'").

A-1198-17T3

Judge Moore also correctly held that there was no basis to reject the arbitrator's finding that the City had waived the issue of the timing of the grievance. The Agreement expressly stated that the procedural steps, which included timing, may be waived by mutual agreement. The arbitrator found such a waiver based on evidence that Rothenberger sought an earlier resolution of the longevity issue and City officials repeatedly told her the issue would be resolved.

Judge Moore then addressed the City's laches argument and properly rejected it. Here, the arbitrator determined the length of the delay was because of the City's continued reassurance to Rothenberger that she would receive her longevity benefits. Laches, in essence, "is inexcusable delay in asserting a right." Atlantic City v. Civil Serv. Comm'n, 3 N.J. Super. 57, 60 (App. Div. 1949). Laches, moreover, is an equitable defense and "the central issue is whether it is inequitable to permit the claim to be enforced[.]" Lavin v. Bd. of Educ. of Hackensack, 90 N.J. 145, 152-53 (1982).

Addressing the argument that the arbitrator had no authority to award longevity when Lieutenant Rothenberger was a patrol officer, Judge Moore correctly held that the City had waived that argument by not presenting the argument to the arbitrator. The City contends that there is no transcript of the

arbitration proceeding and, thus, it is not clear that they did not present the issue. Here, however, the arbitrator carefully identified each argument raised by the City in his written awards. Thus, the record establishes that the City did not raise this argument before the arbitrator. If an issue is not presented in arbitration, it should not be the subject of an action to confirm or vacate the arbitration award. See N.J. Turnpike Auth. v. Local 196, 190 N.J. 283, 292 (2007) ("[A]rbitration is 'meant to be a substitute for and not a springboard for litigation.'" (quoting Local No. 153, Office & Prof'l Emps. Int'l Union, AFL-CIO v. Tr. Co. of N.J., 105 N.J. 442, 449 (1987))).

Next, Judge Moore rejected the City's contention that the arbitrator had improperly given preclusive effect to another arbitration award. In rendering his decision, the arbitrator cited to the arbitration of another grievance involving police officer James Rainforth. Judge Moore correctly recognized that the arbitrator had not given the Rainforth arbitration preclusive effect; rather, the arbitrator considered that other award, among other things, but made his substantive determination based on the parties' Agreement.

Finally, Judge Moore correctly held that the arbitrator had a sound basis for awarding back pay and reasonable interest. The Agreement does not preclude either back pay or interest, and both back pay and interest are

reasonable remedies in resolving Rothenberger's grievance. See Borough of E. Rutherford, 213 N.J. at 205 (recognizing that arbitrators are commissioned to reach fair solutions); see also United Steel Workers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960) (explaining that an arbitrator who is commissioned to interpret and apply a collective bargaining agreement has authority "to bring his [or her] informed judgment to bear in order to reach a fair solution of a problem").

In summary, the City agreed to arbitrate this dispute, participated in the arbitration, acknowledged that Rothenberger was entitled to credit for the forty-one months she was on involuntary disability pension, repeatedly informed Rothenberger that her longevity would be corrected, but now objects to the arbitrator's award of back pay and interest. Judge Moore comprehensively analyzed each of the City's arguments. The facts set forth in his opinion are based on credible evidence in the record. His summary of the governing law is correct. Having conducted a de novo review, we agree with Judge Moore's conclusion that there is no basis for vacating or modifying the arbitrator's awards. Accordingly, Judge Moore correctly confirmed the awards.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1198-17T3