## Conroy v. City of Philadelphia, Appellant.

Argued April 23, 1935. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*T. B. K. Ringe,* with him *James Hall Prothero* and *Ernest Lowengrund,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellant.

*Frank Ambler,* with him *A. L. Mulhern,* for appellee.

OPINION BY MR. JUSTICE DREW, May 27, 1935:

Plaintiff, a patrolman of the City of Philadelphia, sued in assumpsit to recover wages for the period between his suspension by the director of public safety on October 16, 1928, and his return to work on April 1, 1930. Upon trial by the court below, sitting without a jury by agreement of counsel, the city was held liable for plaintiff's wages for the full period. From the entry of judgment against it the city has appealed, assigning as error the dismissal of its motions for a new trial and for judgment n. o. v.

Charges of conduct unbecoming an officer and of other offenses were filed against plaintiff on October 16, 1928, and because of such charges he was then suspended. He was ordered to appear for trial before the civil service commission on October 31, 1928, and when called for hearing on that date he applied, through his attorney, to have the trial continued pending the disposition of criminal charges against him. The continuance was granted

upon his signing a waiver of "the provisions of section 18 of article XIX of the Act of June 25, 1919 [the Philadelphia Charter Act], and of Rule XIV of the civil service commission, providing that no trial shall be delayed for more than thirty days after the charge is made," and of all claims for pay as a patrolman between the time of suspension and the date of disposition of the case. He was subsequently tried by the commission, found not guilty, and notified that he was "reinstated to duty as of December 30, 1929." The commission further directed that he was to receive pay for "the entire period of suspension." His testimony discloses, however, that he did not report for duty until March 31, 1930, the reason given for the delay being, "I waited for the director to send for me." When he saw the director, the latter agreed to restore him to his position if he would sign a waiver of pay from December 31, 1929, the time of his reinstatement, to March 31, 1930, the date he reported for work. Plaintiff did so, and thereupon took up his duties. This suit for wages from October 16, 1928, to April 1, 1930, was not brought until June 10, 1932, after that director had left office.

During the period for which plaintiff claims wages he performed no services. He did appear several times as a witness for the city, in response to orders from a superior police officer, but such appearances could hardly be considered services for which he was entitled to receive wages. He was a suspended officer, and his appearance as a witness in the city's behalf was simply supplemental to duties already performed as a patrolman. In any event he could have been subpœnaed if he had not chosen to appear in response to his superior's orders. Furthermore, it is plain that his absence from duty for more than thirty days after the date of his suspension must be regarded as a voluntary abstention, upon his own initiative and in his own interest. Section 18 of article XIX of the Charter Act of June 25, 1919, P. L. 581, provides that charges filed with the civil service commission against a

police officer "shall, within thirty days after filing, be heard, investigated, and determined by the commission or by one of the commissioners or by some person or board appointed by the commission to hear, investigate, and determine the same." The continuance of the trial beyond thirty days was sought by plaintiff, for his own purposes. His claim thus is that he is entitled to wages for a period of seventeen and a half months during which he did nothing for the city and during all except thirty days of which his abstention from duty was voluntary and solely for his own benefit. We cannot agree with the court below that there is merit in his claim.

It is clear that no power rested in the commission to require the city to restore plaintiff's pay for the whole of the period between his suspension and his reinstatement. Section 18 of article XIX of the Charter Act provides in part as follows: "Nothing herein contained shall limit the power of any superior officer to suspend a subordinate for a reasonable period, *not exceeding thirty days,* pending hearing and decision. Every *such* suspension shall be without pay: Provided, however, That the commission shall have authority to investigate every *such* suspension, and, in case of its disapproval, it shall have power to restore pay to the employee *so* suspended." It is plain from this language that the only suspension there contemplated, and the only kind over which the commission is given authority and power, is a suspension by a superior officer for a period not exceeding thirty days. It follows that while the commission had power to restore plaintiff's pay for his suspension for thirty days it had no power to restore pay for the continuance of the suspension beyond that period. In so far as Bolay v. Phila., 102 Pa. Superior Ct. 510, relied on by plaintiff, is inconsistent with this construction of the statute, it is hereby disapproved. As we understand that case, it was there held that the commission could order a restoration of pay for a longer period than the thirty-day period of suspension prescribed by the Charter Act. Such a holding is contrary

to the plain language of the act. That case has no further significance here.

Apart from the commission's order, plaintiff is clearly not entitled to the wages claimed. Under the Charter Act he could have demanded a determination of the charges against him within thirty days after they were filed, and upon dismissal of the charges he would have been entitled to be restored to duty. In fact, he was given an opportunity to have his case disposed of within the statutory period, since his trial was first fixed for October 31, fifteen days after his suspension, and would have been held then had he not requested a postponement. Plaintiff's superior officer could not continue his suspension for more than thirty days (Haslam v. Phila., 314 Pa. 225), nor had the commission any such power. Therefore the continuance of his suspension beyond the thirty-day period, resulting as it did from his request to have the trial continued, can be considered only as a step which he himself undertook and for which he alone was responsible. To allow plaintiff to delay his trial before the commission by his own request and, upon being finally reinstated, to receive pay for the period of delay, during which he neither performed nor offered to perform any services for the city, would be grossly unjust. It may be noted that if he had reported for duty at the end of the first thirty days a different question might arise, as to which we express no opinion.

Plaintiff claims support in the statement, which he alleges was made by the commission's secretary of hearings, that plaintiff's signing the waiver of October 31, 1928, would have no effect on his salary if he were restored to duty. That statement, however, was made after the conclusion of the hearing in which plaintiff had applied for and been granted a continuance of the trial, and in which it was agreed that a waiver would be signed. It does not appear that the secretary had power to bind either the commission or the city by such a statement. In any case, as has already been pointed out, the commission

itself had no power to compel the city to restore pay to plaintiff for more than thirty days of his suspension, and therefore neither it nor its employee had power to promise such a restoration.

With regard to plaintiff's claim for pay from December 30, 1929, to March 31, 1930, it is sufficient to point out that although plaintiff was notified on December 30, 1929, of his reinstatement as of that date, he did not report for duty until the following March 31. Plainly, it was his duty to present himself to his superior officer as soon as he was notified of his reinstatement, if he wanted to resume work. His failure to do so must be regarded as a voluntary refrainment from work, and he will not now be heard to claim wages for the period of that refrainment. When he did present himself for work, he was at once assigned to duty, which showed plainly that there was no disposition to prevent his resuming his duties after his reinstatement by the commission.

Since the commission had power to restore pay to plaintiff for thirty days from the filing of the charges, its restoration of pay was proper to that extent. Plaintiff is not, however, entitled to wages for any greater portion of the period between October 16, 1928, and April 1, 1930.

The judgment of the court below is reversed and the record is remitted for the entry of a judgment in accordance with this opinion.