ALBERT C. ROUSSEL, complainant-appellant,

*v.*

CHARLES GIESEN and MARIE GIESEN, his wife, defendants-respondents.

[Submitted February term, 1935. Decided May 17, 1935.]

*Messrs. Hart & Vandewart (Mr. Victor A. Hart,* of counsel), for the appellant.

*Mr. Milton K. Chapman,* for the respondents.

PER CURIAM.

This is an appeal from a decree of the court of chancery which dismissed the bill of complaint, which was filed to foreclose two mortgages.

The defendants owned lot 17, in block 30, on a map, entitled "Section 2, Palisades," Fort Lee borough, Bergen county, New Jersey. The complainant was the owner of a first mortgage on this lot in the amount of $700. The bill was also filed to foreclose a second mortgage in the amount of $700 on an adjacent lot. It appears, however, that the amount was paid by other defendants, who were named in the bill, and that suit has therefore been discontinued.

Now what happened was this: Lot 17 aforesaid, which was owned by the defendants, was incumbered by two mort-

gages, the one a first mortgage in the amount of $700; the other was a blanket second mortgage of $2,900 which had, at the time of the transaction here involved, been reduced to $1,000. It appears that a sister of the complainant was the owner of the second mortgage. It also appears that Mr. A. C. Hart, an attorney of Bergen county, represented the mortgagees. The defendants telephoned to the law office of the attorney for the purpose of paying off the first mortgage of $700, together with interest, and making payment of $300, which was the amount fixed in the second mortgage for the release of said lot 17. In clearing up the mortgage matter, the defendant Charles Giesen was aided by A. H. Lueders, a real estate broker. Before going to Mr. Hart's law office, Lueders testified that he talked over the telephone with a Mrs. Campbell, who was in the employ of the law firm, and advised her that he desired to pay off the mortgages for Giesen and clear his title. In Mrs. Campbell's testimony she said that in the telephone conversation with Lueders she obtained the book and page reference to the second mortgage only and that upon receipt of the sum of $1,000 and $33.06 interest she handed over for cancellation the second mortgage which she claims Lueders described over the telephone. Lueders insists that after his talk with Mrs. Campbell over the telephone he called at the law office and again stated to her that he wanted to pay off the first mortgage in full and the additional sum of $300 which would effectuate a release of the lot in question from the lien of the second mortgage. The court believed the testimony of the defendants and dismissed the bill.

The court, in its opinion, speaks of the telephone conversation between Mrs. Campbell and Lueders and, among other things, makes this observation, "there is no convincing testimony as to the identity of the person who allegedly telephoned." This is a misstatement that we might overlook because it is not very material, but it is mentioned in the interests of accuracy. As a matter of fact, Mrs. Campbell said it was Lueders that telephoned her and he, too, admitted that fact. To continue, the court found that Mr. Hart was

the agent of the complainant and had been in charge of investing the funds of the complainant and his sister in mortgages and that the mistake in canceling the second mortgage which affected lot 17, owned by the defendants, and other lots in which they were not interested and which amounted to $1,000, instead of canceling the first and second mortgage on lot 17, which would total $1,000, was a mistake with which Mr. Hart was chargeable. The court absolved the defendant Giesen and his agent, Lueders, from responsibility. Perhaps if we had heard the facts we might have come to a different conclusion. The fact issue is very close and we feel that since the vice-chancellor saw and heard the parties as well as their witnesses, his impressions are likely to be better than are the impressions of those who review the record. We find there is justification for his conclusions of fact and we will accept them.

On the appeal to this court the question of laches is raised. It is manifest that it is raised here for the first time. The delay that was occasioned from July, 1928, the time at which payment was made at Mr. Hart's office, until June, 1932, is rather a long one under the circumstances and had laches been raised perhaps the result would have been different. The learned vice-chancellor, in his opinion, does not deal with the question for the reason, we assume, that it was not raised. The respondent asserts that the question of laches was not raised below and the appellant doesn't deny it. Consequently, it will not be considered. There is no merit to the other points that are raised.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.