HARRY W. VANDERBACH, PROSECUTOR-APPELLANT, v. HUDSON COUNTY BOARD OF TAXATION, RESPONDENT-APPELLEE.

Submitted October 25, 1946—Decided March 20, 1947.

For the appellant, *Maurice C. Brigadier.*

For the respondent, *Walter D. Van Riper,* Attorney-General.

The opinion of the court was delivered by

McGEEHAN, J.   This appeal is from a judgment of the Supreme Court which dismissed the writ of *certiorari* theretofore allowed on the application of Vanderbach.

On July 23d, 1942, and for some time prior thereto, Vanderbach was secretary of the Hudson County Board of Taxation.  On July 23d, 1942, the Governor removed from office the then members of the Hudson County Board of Taxation and, on the same day, appointed an entirely new board.  On July 24th, 1942, the members of the new board were sworn in and thereupon attempted to take possession of the offices of the Hudson County Board of Taxation.  The new members were barred from possession of the offices until August 5th, 1942, when possession was obtained by virtue of a peremptory writ of *mandamus* allowed by Mr. Justice Bodine on August 4th, 1942 (see *In re Hudson County Board of Taxation,* 128 *N. J. L.* 574).  The new board on August 5th, 1942, by resolution, suspended Vanderbach as secretary; eleven charges were made against him, in writing, dated September 9th, 1942; hearings on these charges were held thereafter by the new board, followed by its finding that "each and every one of the eleven charges preferred against respondent has been fully sustained by the proofs," and by its resolution of December 10th, 1942, which removed Vanderbach from office as secretary to the board.  On *certiorari,* the Supreme Court dismissed the writ on the ground that Vanderbach had abandoned the office because from July 24th, 1942, until August 5th, 1942, he gave his allegiance to the old board and not to the new board (131 *Id.* 491).  On appeal, this court (133 *Id.* 126) determined that Vanderbach had not abandoned the office and reversed, holding "The secretary's continued recognition of the old board's claim of title and right of possession until it was rejected in the *mandamus* proceedings plainly did not constitute an abandonment of the office *nor a ground for removal.*  It is not unusual to maintain the *status quo* pending the adjudication of opposing claims to

public office. And a subordinate officer's mere acquiescence in that course is not indicative of an intention to abandon his office. Nor does the law lay down the penalty of forfeiture of office for the secretary's failure correctly to evaluate the discrepant claims of title here" (italics supplied). The record was remanded to the Supreme Court "to determine disputed questions of fact as well as of law" with this direction, "But the decisive question, after all, is whether the specifications of misconduct are within the statutory category, and are well founded in fact."

On the remand, the Supreme Court (133 *N. J. L.* 499, at *p.* 508) summarized the eleven charges made against Vanderbach and found "That the charges against the prosecutor and upon which he was tried come within the statutory category of inefficiency, incapacity and misconduct, and that he was not removed for political reasons or for any cause other than the causes named and authorized in the statute. Without amplifying our appraisal of the testimony, we consider that the general tenor of the proofs is manifested by the citations already given and we find that the charges were well founded." The applicable statutory provisions are found in *R. S.* 54:3–9 and 54:3–10 as these sections appeared before amendment by *Pamph. L.* 1944, *ch.* 189. *R. S.* 54:3–9 provided: "The secretary shall hold office during good behavior, efficiency and residence in the county where employed, and shall not be removed for political reasons or for any cause other than incapacity, misconduct, nonresidence or disobedience of just rules or regulations established by the county board of taxation." *R. S.* 54:3–10 provided: "No secretary shall be removed from office except for just cause, as provided in section 54:3–9 of this title, and after a written charge or charges of the cause of complaint shall have been preferred against him * * *."

Under the opinion of this court when the remand was made, no charge against the prosecutor could be well founded as a cause for removal, which depended upon a requirement that, during the period from July 24th, 1942, until August 5th, 1942, the prosecutor give recognition to the new board's claim of title and right of possession. Examination of the

record in this light leads us to the conclusion that three of the charges come within the statutory category, are well founded in fact, and are cause for removal; namely, (7) that, as such secretary, he permitted the offices of the Hudson County Board of Taxation to be closed to the public and others having lawful business in said offices during regular business hours, (8) that he absented himself from his regular duties as secretary of the Hudson County Board of Taxation, without proper leave or permission to such effect, and (11) that he, as secretary of the Hudson County Board of Taxation, improperly certified, from his personal knowledge, that services had been performed by employees of the Hudson County Board of Taxation for stated periods when in fact, such services were not so rendered, and upon the basis of such improper certification by him, payments of salary were made by the treasurer of the County of Hudson.

We have considered the other points argued by appellant and find them to be without merit.

The judgment under appeal is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.

*For reversal*—None.