42 N.J. Super. 14 (1956)
125 A.2d 747
CHESTER J. ROZMIERSKI, PLAINTIFF,
v.
THE CITY OF NEWARK, NEW JERSEY, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 27, 1956.
*15 Messrs. Budd, Larner & Kent, attorneys for plaintiff (Mr. Samuel A. Larner, appearing).
Mr. Vincent P. Torppey, attorney for defendant (Mr. Vincent J. Casale, appearing).
*16 GAULKIN, J.C.C. (temporarily assigned).
Plaintiff moves for summary judgment. His affidavit sets forth that he, a police officer of the City of Newark, was suspended on March 21, 1955, the following being the written notice that was then served upon him:
"Take notice that in accordance with the provisions of Title 11, Revised Statutes, and pending a hearing, you are hereby suspended as of 12:30 P.M. 21st March, 1955, for a period * * * Pending Trial * * * for the following reasons:
Violation of Rule 2 of Discipline  Soliciting or accepting a bribe.
In this, that the said Patrolman Chester A. Rozmierski * * * did * * * on Sunday, February 27, 1955, between 10:00 A.M. and 11:00 A.M., willfully solicit and accept, from Willie M. Vining * * * the sum of thirteen dollars ($13.00), as payment in lieu of the issuance of a summons for an alleged traffic violation * * * Patrolman Chester A. Rozmierski thereby being guilty of violation of Rule 2 of Discipline, aforesaid."
Both sides agree that "thereafter pursuant to additional notice * * * the hearing on said charges was commenced on April 18, 1955." Defendant's affidavit says that on that day "after the swearing in of one witness, said hearing was adjourned without date, said adjournment being at the request of the plaintiff and his attorney, Samuel A. Larner, because of a pending action in the County Court."
Plaintiff says, without denial, that thereafter "pursuant to a notice from my superiors," the hearing was resumed February 26, 1956 before Police Director Joseph B. Sugrue, "the official duly authorized to hear and determine the charges." On February 28, 1956 Director Sugrue found plaintiff "not guilty of the charges preferred against him," and plaintiff was ordered to return to duty, which he did.
Pursuant to R.S. 40:46-34 plaintiff then demanded his salary for the period of his suspension, March 21, 1955 to March 1, 1956. Payment having been refused, he instituted this action.
In its answer the defendant admits all of plaintiff's complaint except the following paragraph, which it denies:
"4. The aforesaid suspension from March 21, 1955 to March 1, 1956, was illegal and said suspension was judicially declared illegal by the finding of the Police Director as aforesaid."
*17 The only other defenses raised by defendant are that plaintiff rendered no service to defendant during the period of his suspension (which is admitted), and that "at the request of said plaintiff the hearing was adjourned pending the outcome of a complaint then pending against the plaintiff in the Essex County Court."
The affidavits and the briefs say no more about the "complaint then pending * * * in the Essex County Court" than does the defendant's answer. Believing myself entitled to take judicial notice of the records of the Essex County Court, I found that plaintiff was indicted for extortion on October 10, 1955, pleaded not guilty October 24, and on November 22, 1955 was tried in the Essex County Court on the indictment and acquitted. Defendant makes no point of this indictment. In fact, neither party makes any mention of it in its pleadings, affidavits, or briefs.
Defendant bases its defense on two points. To quote its brief, its first point is:
"* * * the suspension was not `judicially declared illegal.' The departmental hearing was not a judicial proceeding to determine illegality as a judge in a court might do * * *"
This very argument was made and rejected in Strohmeyer v. Borough of Little Ferry, 6 N.J. Super. 282, decided by the Appellate Division in 1950. That decision is, of course, binding upon me. In that case Strohmeyer, a policeman, was suspended on December 4, 1945 because he had been indicted for nonfeasance. On December 15 departmental charges were filed against him. Some time prior to September 9, 1946 the indictment was nolle prossed. On September 9, 1946 the mayor and council heard and dismissed the charges. Strohmeyer then sued for his salary under R.S. 40:46-34, and had summary judgment. The Appellate Division said:
"* * * From that judgment the Borough appeals and argues that the suspension of plaintiff has not been `judicially declared illegal', a statutory prerequisite to the successful maintenance of an action for salary in the circumstances here exhibited * * * *18 The Mayor and Council hearing the charges against the plaintiff, was acting as a quasi-judicial body and its decision dismissing the charges was a declaration that plaintiff's suspension was illegal within the meaning of the phrase `judicially declared illegal.'"
See also Van Sant v. Atlantic City, 68 N.J.L. 449 (Sup. Ct. 1902); Keegle v. Hudson County, 99 N.J.L. 26, 27 (Sup. Ct. 1923) affirmed 102 N.J.L. 219 (E. & A. 1925).
Defendant cites only two cases in support of its position  DeMarco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136 (1956), and Winne v. Bergen County, 21 N.J. 311 (1956). Neither of these cases is in point because DeMarco and Winne were not municipal employees and therefore, as Justice Jacobs pointed out in the DeMarco case, they were not protected by R.S. 40:46-34. R.S. 40:46-34 provides:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension * * *"
It is true that in the DeMarco case it was said that "it would have been decidedly against the public interest for the plaintiff to have served as a law enforcement officer while he was under indictment" and hence the propriety of DeMarco's suspension pending the disposition of the indictment against him seemed to the court to be "beyond question." However, Justice Jacobs concluded the DeMarco opinion by saying (21 N.J., at page 147):
"* * * we take the liberty of suggesting that the issues are of sufficient public importance to warrant further legislative consideration of the entire subject. The Legislature may perhaps conclude, as have Legislatures in other states, that there should be a comprehensive enactment which justly provides compensatory protection for all public officers and employees who are suspended pending trial and are later acquitted or otherwise vindicated."
See also the editorial "In Fairness to Public Servants," 79 N.J.L.J. 212 (June 7, 1956).
*19 By R.S. 40:46-34 the Legislature has already so provided for municipal policemen.
It seems to me that there can be no question that "illegally dismissed or suspended" in R.S. 40:46-34 means dismissed or suspended upon charges subsequently found to be without merit in a departmental hearing. Within the meaning of that statute the fact that the superior was justified in ordering a suspension pending trial does not save the suspension from being "illegal" when the charges which led to the suspension are dismissed. That this is what the Legislature intended is obvious from the history of R.S. 40:46-34. Prior to 1948, that statute covered only municipal officers or employees "illegally dismissed." Strohmeyer had sued prior to 1948, on the statute as it then read, and had lost, the court holding that the statute applied only to those only illegally dismissed, and not to those illegally suspended, Strohmeyer v. Borough of Little Ferry, 136 N.J.L. 485. That case was decided by the Court of Errors and Appeals January 29, 1948. Less than three weeks later, on February 16, 1948, chapter 163 of the Laws of 1948 was introduced. That law is substantially our present R.S. 40:46-34. The statement annexed to that bill said:
"The present law is R.S. 40:46-34. It only applies to persons illegally dismissed. Recently the Court of Errors and Appeals in the case of Strohmeyer v. Little Ferry held that a police officer illegally suspended could not recover his salary during the period of the suspension because the present law was not broad enough. The court differentiated between `dismissal' and a suspension. The present act grants relief to any officer or municipal employee who has been illegally suspended."
The law was expressly made retroactive to a "determination * * * made prior to the effective date of this act."
There can be no doubt therefore that the Legislature had the Strohmeyer case in mind and intended that Strohmeyer and municipal employees in his position should receive their salaries if in departmental hearings they were ultimately acquitted or otherwise vindicated of the charges which led to their suspension even though, like in the Strohmeyer case, *20 the reason for the suspension was the pendency of criminal charges. The departmental acquittal or vindication establishes the illegality of the suspension and the right to recovery. The Appellate Division so held in the second Strohmeyer case, supra, and in D'Ippolito v. Maguire, 33 N.J. Super. 477, at page 486 (App. Div. 1955). Cf. Hillel v. Borough of Edgewater, 106 N.J.L. 481 (E. & A. 1930), and the comment thereon in the D'Ippolito case.
The remaining defense asserted by the city is, as stated in its brief, that "the length of suspension pending the departmental hearing was the result of the plaintiff's action. The city did not ask for that delay in time; the plaintiff did." Neither side submitted any authority bearing on this proposition.
It is not asserted by the defendant that the postponement was over its objection. Indeed, since the adjournment was granted by Mariano J. Rinaldi, then Director of the Department of Police of Newark, plaintiff's contention that the adjournment was with defendant's consent seems well founded. The Director did not need to wait for the conclusion of the criminal case. He could have proceeded with the hearing forthwith, for an acquittal in the criminal proceedings would not be conclusive in the departmental hearing.
However, cases such as this place the Director in a delicate position. If he proceeds with the departmental hearing, he may find the officer not guilty, yet later the criminal proceedings may nevertheless result in a conviction. In addition, if the criminal proceedings were still pending, he could not (as a rule) reinstate the officer, even though he himself found him not guilty (DeMarco, supra). On the other hand, he may find him guilty and yet the criminal proceedings may result in an acquittal. In either event embarrassment and complications may arise. It might very well appear to any one placed as the Director was here that the wisest policy for himself and the city would be to await the outcome of the criminal proceedings.
It is not suggested that the city ever asked for an earlier date for the adjourned hearing than February 26, *21 1956, even though the indictment was not returned until October 10, 1955, and the verdict of acquittal was rendered on November 22, 1955. All that appears in the affidavits is the single fact that the plaintiff asked, on April 18, 1955, for an adjournment which the hearing officer granted. In my view, that fact alone does not bar plaintiff's rights. In People ex rel. Flynn v. Woods, 218 N.Y. 124, 112 N.E. 915, 916 (Ct. App. 1916), Flynn, a patrolman, was charged with shooting a citizen and arresting a citizen upon a false charge. Upon the making of such charges, Flynn was suspended without pay. A hearing upon the charges was adjourned. Prior to the adjourned date, Flynn was indicted upon the facts which formed the basis of the charges before the police commissioner. After the indictment Flynn through his attorney requested that action upon the charge pending before the police commissioner should be deferred until the determination of the criminal charge. This request was granted, and the hearing before the police commissioner was postponed. Over a year later, while the indictment was being tried in the criminal court, Flynn died. Flynn's estate recovered judgment in the trial court, which was reversed in the Appellate Division. The New York Court of Appeals then reversed the Appellate Division, saying:
"* * * it is said that * * * the suspension having been made at the request of the accused officer, `the test which under the statute was to determine whether or not the suspended officer was to be paid his salary was made impossible by this officer's own act in requesting a postponement of his trial, and by his death before the event occurred.' We think that there is nothing in any of these circumstances which justify failing to give effect to the provision of the statute. The mere charge against the officer carried with it no implication of guilt. He was presumed to be innocent of the charge made against him. Having been indicted, his request to the police commissioner for a postponement of the trial to the charges pending before that official until the determination of the criminal charge was not an unreasonable request. The police commissioner was not required to grant the request, but he did so, evidently regarding it as reasonable and proper * * * That section of the charter contemplates that, when one is suspended without pay and shall not be convicted by the police commissioner, he shall be entitled to pay from the date of suspension. Both the letter and the spirit *22 of the statute make it clear that the right to recover pay shall be forfeited only in the event of a conviction. The fact that an adjournment of the trial before the police commissioner was had upon the request of the accused officer for reasons which the police commissioner deemed proper and sufficient cannot fairly be considered as equivalent to a subsequent conviction."
Cf. Board of Education of City of Garfield v. State Board of Education, 130 N.J.L. 388 (Sup. Ct. 1943); Marjon v. Altman, 120 N.J.L. 16 (Sup. Ct. 1938); Glori v. Board of Police Commissioners, 72 N.J.L. 131 (Sup. Ct. 1905); Conroy v. City of Philadelphia, 319 Pa. 265, 179 A. 224 (Pa. Sup. Ct. 1935); City of New Orleans v. Jackson, 224 La. 771, 70 So.2d 679 (Sup. Ct. 1953).
Although on the facts in People ex rel. Flynn v. Woods, supra, one might not go as far as the New York Court of Appeals went, the principle there enunciated seems to me sound.
There will be summary judgment in favor of the plaintiff. The form of judgment, if not agreed upon, may be settled on notice.