49 N.J. Super. 175 (1958)
139 A.2d 328
EDWARD HINTENBERGER, PLAINTIFF,
v.
CITY OF GARFIELD, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 21, 1958.
*177 Messrs. Losche and Losche (Mr. George F. Losche, appearing), attorneys for plaintiff.
Mr. Theodore R. Ciesla, attorney for defendant.
SCHNEIDER, J.C.C. (specially assigned).
Plaintiff sues to recover compensation due him as a policeman during his illegal suspension from active duty. The facts are stipulated.
The plaintiff was appointed as a patrolman of the City of Garfield, Bergen County, N.J., on April 16, 1947 and served as such to January 27, 1955. The plaintiff was indicted by the Bergen County grand jury on December 16, 1954 for a violation of N.J.S. 2A:96-3 and 2A:115-1. Both of these are so-called "sex" offenses involving children.
On January 27, 1955 the Chief of Police of Garfield notified the plaintiff of suspension from active duty pending the outcome of the indictments, which action was ratified by the governing body of the defendant.
On February 7, 1956 the plaintiff was convicted of a violation of both indictments and he was sentenced on March 2, 1956. On October 5, 1956 the Appellate Division of the Superior Court reversed the conviction under both indictments, State v. Hintenberger, 41 N.J. Super. 597. On December 28, 1956 the plaintiff was again indicted for a further violation of N.J.S. 2A:96-3. He was retried on the two old indictments and the new one on January 29, 1957 and was acquitted of all charges.
*178 On March 20, 1957 plaintiff was reinstated to duty and was immediately suspended from active duty by reason of new indictments for false swearing and obstruction of justice arising out of the previous trials, which action of reinstatement and suspension was ratified by the governing body of Garfield.
On March 26, 1957, pursuant to requirements of N.J.S.A. 40:46-34, plaintiff made application to recover salary for the period January 27, 1955 to March 30, 1957. It is stipulated that during the period of the first suspension the plaintiff has been ready and willing to perform his duties but was prevented from doing so by the suspension. There were no written charges in the municipality, nor was there any departmental trial. The parties agree that if there is to be a recovery, it will be in the amount of $9,416.
The stipulation of fact does not go beyond the above statement of facts, yet it is a matter of record that the second suspension at the same time of the momentary reinstatement, was for the crime of false swearing arising out of the testimony given in the trial resulting in the acquittal upon which this claim is based. It is also a matter of record that there was a trial, resulting in the conviction of the plaintiff in this case on four of six counts of the indictment and he was sentenced. He never returned to active duty nor was he ever reinstated.
N.J.S.A. 40:46-34 provides that
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension."
(The statute also provides for notice which is not in issue in this case.) The statute specifically covers this case by reason of the amendment in 1948 (c. 163, sec. 1 and c. 395, sec. 1) which included the suspension situation in the statute.
Counsel for defendant sets forth considerable law that the municipality had a legal right to suspend by reason of *179 the charges filed. This is not the issue in this case. There was a right to suspend and if the suspension was judicially declared to be legal, there could be no recovery in this case.
The defendant contends that the plaintiff is not entitled to recover salary for the period of suspension, where the suspension has not been judicially declared illegal. Yet on the stipulation of facts agreed to by defendant counsel, it shows an acquittal of charges for which suspension was originally created and a reinstatement to the force. The plaintiff sues only for this period of time and does not seek recovery for the period of the second suspension arising out of charges arising after most of the period of the first suspension. The defendant does not show facts linking the second suspension as part of the first suspension.
The defendant quotes De Marco v. Board of Freeholders of Bergen County, 21 N.J. 136 (1956), as law for the point that there can be no recovery where services have not been rendered. The De Marco case was decided on the basis that R.S. 40:46-34 does not apply to any but municipal officers. While the court did discuss the theory that there could be no recovery where no work was done, it was careful to point out that the social consideration of double compensation for work done rests with the Legislature rather than with the courts. The judicial function is one of statutory interpretation and application within constitutional limits.
A very similar case to ours was Strohmeyer v. Borough of Little Ferry, 6 N.J. Super. 282 (App. Div. 1950). In this case the officer was suspended after indictment by the grand jury. The charges were dismissed and the officer returned to duty. The court held that this was a judicial determination that the suspension was illegal and the officer was, by virtue of the statute, entitled to recover the salary for the period of suspension.
There is no question that if the plaintiff, after his acquittal, had been restored to active duty, as he was in this case, and had continued to serve, or had then or later resigned, that he would be entitled to recover the full compensation for *180 the period of suspension. This would be so by reason of the statute and the Strohmeyer decision.
The real issue in this case is whether the suspension on the day of reinstatement and the subsequent conviction and removal from duty, based on charges for false swearing arising out of the trial which resulted in an acquittal, is not actually part of the original suspension. Does it follow that the reinstatement was actually a nullity and gave no rights to the present plaintiff? Is the statutory right to recovery under R.S. 40:46-34 defeated because in actuality the suspension has not been declared illegal?
While the defendant neither stipulated nor proved facts to show the nature of the subsequent indictments or the conviction or sentence, counsel did set forth the fact of conviction in his brief, and did show the plaintiff was never actually restored to duty. These facts are before the court and the court has examined the records. In the interest of justice, the court will consider all the facts.
In Rozmierski v. City of Newark, 42 N.J. Super. 14 at page 17 (Law Div. 1956), Judge Gaulkin held that the court may take judicial notice of the records of Essex County. This court has examined the record of this entire case. The indictment for false swearing and subsequent conviction was for testimony given in the previous case where there was an acquittal, and went to the very heart of the case. There were numerous instances of change in testimony between the second trial in which there was an acquittal and the first trial in which there was a conviction.
1. Some question has been raised in this case that recovery must be had because the defendant municipality violated the provisions of N.J.S.A. 40:47-6 and 40:47-8. These provide as follows:
N.J.S.A. 40:47-6:
"No person shall be removed from office or employment in any such police department * * * for political reasons, or for any other cause than incapacity, misconduct, nonresidence, or disobedience of rules and regulations established for the government of the police force and department * * * in such municipality.
*181 No person, whether officer or employee in any such police department * * * shall be suspended, removed, fined or reduced from office or employment therein, except for just cause, as hereinbefore provided, and then only after written charge or charges of the cause or causes of complaint shall have been preferred against such officer or employee of said police department * * * signed by the person or persons making such charge or charges and filed in the office of the body, officer or officers having charge of the department in which the complaint arises and a copy thereof served upon such person within fifteen days after the filing thereof and after the charge or charges shall have been publicly examined by the appropriate board or authority upon reasonable notice to the person charged, which examination shall be commenced not less than fifteen days nor more than thirty days after said copy of such charge or charges shall have been so served.
It is the intent of this section to give every person against whom a charge or charges for any cause may be preferred under this article a fair trial upon said charge or charges and every reasonable opportunity to make his defense if any he has or chooses to make and that in event of failure of compliance with any provision of this section, such charge or charges shall be dismissed."
N.J.S.A. 40:47-8:
"If any officer, member or employee in any such department shall be suspended pending trial on charges, such trial shall be commenced within thirty days after service of a copy thereof upon him, otherwise the charges shall be dismissed and the officer or employee returned to duty."
The court does not find merit in this contention. There were indictments that made it impossible to continue the officer on duty until the matter was completed in the criminal courts. It could not be heard locally but had to await jury action. Most of the delay was caused by the appeal of the plaintiff from the first conviction. The suspension was not either a set of charges or a punishment. In D'Ippolito v. Maguire, 33 N.J. Super. 477 (App. Div. 1955), it was held that suspension as used in legislation dealing with tenure of office means either discipline administered after adjudication of guilt or temporary involuntary withdrawal from service pending hearing of charges. Suspension under N.J.S.A. 40:47-6 was held to refer to punishment after charge, notice, hearing, opportunity for defense and finding of guilt.
*182 That case involved a police officer who was suspected of certain misconduct during investigation without charges being on file. The court held:
"The public welfare would be ill served if we were to accept the plaintiff's thesis. We might well imagine an instance where a policeman was observed in an act of robbery, or committing some other felony or act which scandalizes the community. * * * No sound view of the statute justifies [the] assertion that the requirement of written charges is a condition precedent to suspension pending trial."
See also Russo v. Walsh, 31 N.J. Super. 558 (Law Div. 1954).
In Vanderbach v. Hudson County Board of Taxation, 133 N.J.L. 499 (Sup. Ct. 1946), affirmed 135 N.J.L. 349 (E. & A. 1947), it was held that the power to suspend is of the same inherent nature as is the expressly given power to remove. It is a minor power necessary to give full effect to the greater. A person guilty of misconduct ought not in the public interest function during the period, necessarily of some duration, while the statutory preliminaries to a determination of the fact are in progress. The suspension was held not to be by way of punishment and its intendment and effect were not indefinite. It was in its purpose and outworking a detachment from duty pending trial and decision and it finally merged in the judgment to which it was a preliminary incident.
See also De Marco v. Board of Freeholders, above, which stated it would have been decidedly against the public interest for the plaintiff to have served as a law enforcement officer while he was under indictment.
In our case, it is to be noted, that by reason of holding municipal office there could be no harm because if there was an adjudication that the suspension was illegal, there would be a full recovery of salary.
2. The main question in issue is the effect of the suspension and subsequent conviction for false swearing upon the right to recover the salary in this case. The reinstatement by the municipality was momentary. There was an *183 immediate suspension by reason of the indictment for false swearing and obstruction of justice. He was convicted for false swearing and sentenced. He never returned to work as policeman in the defendant municipality. The trial on the charge of false swearing presented the differences in the testimony of the plaintiff between the first trial in which he was convicted and the second trial in which he was acquitted. The examination of these by this court shows an attempt to "clean up" the story on the second trial.
Counsel for the plaintiff contends that the indictment for false swearing can have no effect upon the right to recover for the first period of suspension. He claims compliance with the statute, N.J.S.A. 40:46-34. The second suspension followed the reinstatement. This, he claims, made complete the judicial declaration that the suspension was illegal as required by the statute.
He further contends that the conviction for false swearing was based on differences in the testimony of the two trials, without a determination as to which was the correct testimony, and it thereby cannot be said that the acquittal was gained by false testimony.
He further contends that at the time of the reinstatement, the municipality defendant knew of the second indictment and the act of reinstatement in the light of that knowledge was a judicial declaration that the suspension was illegal.
He further contends that this was a civil suit and the injection of the last conviction violates a fundamental rule that a witness who gives false testimony does not subject himself to civil action and this false swearing by analogy cannot be used to defeat the civil action brought by him.
The statute in question, N.J.S.A. 40:46-34, must be construed in the light of the common law and the intent of the Legislature in enacting this legislation. The law provides there shall be no recovery where no work is performed under the type of facts in this case. See De Marco v. Board of Freeholders and Winne v. County of Bergen, 21 N.J. 311. The statute is in derogation of this principle of law and is intended as beneficial legislation to right a *184 wrong under the harshness of the principle of law enunciated and was confined to municipal employees. These employees were to be given their salary where a wrong was committed against them. The statute must be strictly construed in order to keep within the definite intention of the statute. Carlo v. Okonite Callender Cable Co., 3 N.J. 253 (1949).
Let us look at the statute to see where the strict construction might apply. The municipal employee must have been illegally suspended and such suspension must be judicially declared illegal. This is the key part of the statute and we must strictly construe it.
The defendant contends there was no illegal suspension. The court has also stated above that if there was an adjudication of illegal suspension, there can be recovery. The acquittal standing alone could be such adjudication. The only question is whether under this strict construction there has been an actual adjudication in the light of the conviction of false swearing and the failure of the plaintiff to have actual restoration to duty.
The court is of the opinion that the plaintiff as a wrongdoer should not be permitted to take advantage of a statute intended to right a wrong. The fact that there was an acquittal of the second criminal charge or the momentary restoration to duty by the defendant is not an adjudication under the statute to enable recovery where the result has been obtained to some degree by the wrongdoing of the plaintiff. To find otherwise would be to defeat justice.
A civil judgment obtained under similar circumstances could be set aside on application to the court. Balip Automotive Repairs, Inc., v. Schroeder, 8 N.J. Super. 238 (App. Div. 1950), affirmed 7 N.J. 152 (1951). Here the acquittal cannot be set aside under the doctrine of autrefois acquit. But the fact that the criminal acquittal cannot be set aside does not permit plaintiff affirmative relief to recover a judgment for salary on the basis of this same acquittal.
The parallels in our law are numerous where a party is not permitted to take advantage of his own wrongdoing.
*185 The court is permitted to adopt equitable principles in reaching this result. When all parties are properly before the court, in the exercise of sound judicial discretion the court may grant legal and equitable relief so that all matters in controversy may be completely determined. N.J. Constitution 1947, Art. VI, Sec. III, par. 4.
Under the facts in this case the court cannot interpret the statute in the light of an innocent plaintiff against a wrongdoing defendant. The facts are to the contrary.
In Yeiser v. Rogers, 19 N.J. 284 (1955), the court refused relief because of the conduct of the defendant:
"Whenever a party, who as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy."
We may draw an analogy from the cases where a man murders his wife and then claims his rights by reason of her death. In Neiman v. Hurff, 11 N.J. 55, 60 (1952), the court stated:
"To permit the murderer to retain title to the property acquired by his crime as permitted in some states is abhorrent to even the most rudimentary sense of justice. It violates the policy of the common law that no one shall be allowed to profit by his own wrong `nullus commondum capere protest de injuria sua propria' * * *. This doctrine, as Vice-Chancellor Jayne pointed out in Whitney v. Lott, 134 N.J. Eq. 586, at page 589, `so essential to the observance of morality and justice, has been universally recognized in the laws of civilized communities for centuries and is as old as equity. Its sentiment is ageless. * * *'"
The court also stated that the doctrine has been applied both in equity and law.
In Sherman v. Weber, 113 N.J. Eq. 451 (Ch. 1933), Vice-Chancellor Fielder stated "no one shall be permitted to profit by his fraud or wrong, or found any claim upon his own iniquity, or acquire property by his own crime."
*186 2 McQuillin on Municipal Corporations (2d ed.), sec. 534, p. 297, and sec. 539, p. 314, sums up the situation.
"The law which is claimed to confer the right to salary must be strictly construed against the officer and in favor of the public."
Whether an officer suspended or removed, on an employee laid off or discharged can recover the salary or compensation appertaining to the office or place, will depend upon the proper construction of the applicable law and the circumstances of the particular case.
Judgment will be entered in favor of the defendant and against the plaintiff for no cause of action. An order of judgment will be submitted.