287 N.J. Super. 114 (1996)
670 A.2d 576
DORCHESTER MANOR, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT/CROSS-RESPONDENT,
v.
BOROUGH OF NEW MILFORD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT/CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1995.
Decided January 23, 1996.
*115 Before Judges DREIER and ARNOLD M. STEIN.
Gary D. Gordon argued the cause for appellant/cross-respondent (Feinstein, Raiss & Kelin, attorneys; Mr. Gordon on the brief).
Paul P. Josephson argued the cause for respondent/cross-appellant (Sills, Cummis, Zuckerman, Radin Tischman, Epstein & Gross, attorneys; Mr. Josephson, of counsel and on the supplemental letter brief; Ross L. Yustein, of counsel and on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
*116 The judgment of the Law Division is affirmed substantially for the reasons set forth by Judge Kole in Dorchester Manor v. Borough of New Milford, 287 N.J. Super. 163, 670 A.2d 600 (Law Div. 1994). Judge Kole balanced the critical factors of the Borough's budgetary constraints, the financial effect upon plaintiff and the effective date of the statute authorizing reimbursement to property owners who do not receive municipal service for garbage collection, N.J.S.A. 40:66-1(b), L. 1991, c. 213, § 1, eff. July 23, 1991, and determined that fundamental fairness requires the Borough of New Milford to reimburse plaintiff apartment complex owner for the cost of garbage collection and disposal fees beginning with June 1992. Id. at 174-175, 670 A.2d 600. The concept of fundamental fairness is most appropriate to establish a commencement date for reimbursement.
New Jersey's doctrine of fundamental fairness "serves to protect citizens generally against unjust and arbitrary governmental action, and specifically against governmental procedures that tend to operate arbitrarily. [It] serves, depending on the context, as an augmentation of existing constitutional protections or as an independent source of protection against state action." ... This unique doctrine is not appropriately applied in every case but only in those instances where the interests involved are especially compelling. "Fundamental fairness is a doctrine to be sparingly applied. It is appropriately applied in those rare cases where not to do so will subject [a party] to oppression, harassment, or egregious deprivation."
[Doe v. Poritz, 142 N.J. 1, 108, 662 A.2d 367 (1995) (citations omitted).]
Affirmed.