**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3446-23

LVNV FUNDING LLC,

     Plaintiff-Respondent,

v.

CAROLINE COSTELLO,

     Defendant-Appellant.

_____

        Argued May 14, 2025 – Decided July 7, 2025

        Before Judges DeAlmeida and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-012389-13.

        Mark H. Jensen argued the cause for appellant (Kim Law Firm, LLC, attorneys; Yongmoon Kim and Mark H. Jensen, on the briefs).

        Austin P. O'Brien (J. Robbin Law, PLLC) argued the cause for respondent.

PER CURIAM

Defendant Caroline Costello appeals from the May 24, 2024 Law Division order denying her motion to vacate default judgment entered in favor of plaintiff LVNV Funding LLC (LVNV). We affirm.

In May 1999, Costello entered into a Card Agreement and Arbitration Agreement with Sears National Bank (Sears Bank) for her use of a credit account. Citibank, N.A. (Citibank) subsequently purchased assets, including Costello's account, from Sears Bank. After Costello's final purchase on the card in February 2011, she failed to make timely payments, and the card was charged off in June 2011. Citibank's interest in Costello's debt was assigned to Sherman Originator III, LLC, which subsequently assigned the debt to LVNV. At that time, LVNV was not a licensed New Jersey consumer lender.

On May 24, 2013, LVNV filed a complaint in the Bergen County Special Civil Part seeking judgment for the $5,139.04 Costello owed on the account. LVNV was subsequently granted default judgment followed by a writ of execution against goods and chattels, which was returned unsatisfied in April 2014.

In March 2016, LVNV was granted a wage execution to collect the debt. The following month, Costello objected to the application for wage execution,

which was denied without prejudice. On Costello's May 2016 renewed application, the court reduced the wage garnishment.

On November 19, 2018, the United States District Court for the District of New Jersey consolidated a series of related class action cases into Lopez v. Faloni & Associates, L.L.C., No. 16-cv-01117. The Lopez plaintiffs alleged LVNV and other business organizations violated the New Jersey Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -49, because LVNV was not licensed as a New Jersey consumer lender when it attempted to collect the Lopez plaintiffs' outstanding account balances.

In May 2019, Costello filed a complaint in the Essex County Civil Division (Essex County case), No. ESX-L-3870-19, alleging LVNV illegally engaged as a consumer lender in violation of the CFLA (count one) and the Consumer Fraud Act, N.J.S.A. 56:8-1 to -229 (count two), and was unjustly enriched (count three).

On November 1, 2019, the Lopez parties entered into a class-wide settlement agreement providing the class members released the defendants in that action, including LVNV, from

> any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity relating solely to claims

3

A-3446-23

of statutory damages under the federal Fair Debt Collection Practices Act (FDCPA) that [the] [p]laintiffs and the [s]ettlement [c]lass [m]embers, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the collection of a debt on behalf of [LVNV] and on behalf of Pinnacle Credit Services, LLC when they were not licensed under the [CFLA] from the beginning of time to the date of this [a]greement.

Notwithstanding the foregoing, the [p]laintiffs and [s]ettlement [c]lass [m]embers specifically reserve the right to sue for actual damages and to dispute the amount of the alleged debts that they may owe to [LVNV] or Pinnacle Credit Services, LLC. Additionally, [t]he [r]eleased [c]laims specifically do not include any claims that [the] [p]laintiffs and [s]ettlement [c]lass [m]embers may have against any of the [r]eleased [p]arties for any causes of action other than arising from [LVNV's] or Pinnacle Credit Services LLC's failure to be licensed under the []CLFA.

On July 9, 2020, the District Court approved the <u>Lopez</u> settlement agreement. Costello did not opt out of or otherwise challenge the settlement agreement and received compensation under its terms.

Almost four years later, in March 2024, a Special Civil Part Officer certified collection of $5,780.72 in partial satisfaction of the September 26, 2013 judgment against Costello.

The following month, Costello moved to vacate default judgment, the wage execution and bank levy, certifying she "did not know that LVNV had to

be licensed by the [CFLA];" "did not know about the [CFLA];" and "did not know [she could] reopen this lawsuit." LVNV opposed the application.

On May 24, 2024, after hearing argument, the motion judge denied Costello's motion to vacate. In his oral decision, the judge found, with respect to laches:

> [Costello] . . . made strategic decisions, including filing affirmative claims alleging a violation of the CFLA, bringing a claim in Essex County, but made affirmative claims and still did not, at that point in time, either include in that case an application to vacate this judgment or to consolidate this case and the court recently rejected that case under the entire controversy doctrine. But . . . Costello[] . . . has made affirmative decisions at least since 2019 to not bring a motion to vacate this default judgment.
>
> . . . There is . . . an inexcusable delay . . .when you wait eight years, a minimum of eight years after you have obtained affirmative relief, after any statute of limitations is long gone . . . . That is not, in this [c]ourt's opinion, filing a motion within a reasonable time. Laches absolutely applies. It applies to the inexcusable delay in exercising the right that at a minimum [Costello] should have and could have exercised in 2016, but the relief she exercised in 2016 was simply to reduce the rate of payment from ten percent to five on a wage garnishment. She certainly had every opportunity at that point in time to either seek counsel to challenge the underlying judgment and opted not to.
>
> . . . [D]uring this entire time and since 2016 . . . [Costello] had every opportunity to file a motion to

vacate this default judgment and never did, both with and without counsel being retained. This motion [was] not remotely . . . file[d] . . . within a reasonable period of time.

With respect to the reasonable delay of the motion to vacate, the court continued:

First of all, [Costello] does not meet, this being an eleven-year-old judgment, the necessary burden [to vacate the judgment], which is not just a meritorious defense. She doesn't even allege a defense other than the fact that [LVNV] was not licensed at the time. [She also] does not allege exceptional circumstances. There are no exceptional circumstances, and there's certainly no exceptional circumstances about which [LVNV] has not been aware for at least five years if not longer, while she brought these affirmative claims, while she was part of the class in the 2020 settlement at a point in time when she actually got money. Nor does she remotely meet the element that enforcement of the order would be unjust, oppressive, or inequitable. That's not even suggested in any of the moving papers, keeping in mind the debt has never been disputed, purchases never denied, obligation never disputed.

This appeal followed. Costello argues the motion judge abused his discretion in employing the equitable doctrine of laches to bar her relief, particularly because LVNV violated a remedial statute to obtain default judgment. We disagree.

A trial court's decision under Rule 4:50-1 should be given "substantial deference," and will not be reversed unless shown to be a "clear abuse of

6

discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"The decision [as to] whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). "The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

Laches arises from "the neglect, for an unreasonable and unexplained length of time . . . to do what in law should have been done." Lavin v. Bd. of Educ. of Hackensack, 90 N.J. 145, 151 (1982) (quoting Atl. City v. Civil Serv. Comm'n, 3 N.J. Super. 57, 60 (App. Div. 1949)). The doctrine bars relief when the delaying party had ample opportunity to bring a claim, and the party invoking the doctrine was acting in good faith in believing that the delaying party had given up on its claim. Knorr v. Smeal, 178 N.J. 169, 181 (2003); Lavin, 90 N.J. at 152.

A-3446-23

Laches applies where a party unreasonably delays in asserting its rights, and the opposing party relies in good faith in believing that the right has been abandoned. Dorchester Manor v. Borough of New Milford, 287 N.J. Super. 163, 171-72 (Law Div. 1994), aff'd, 287 N.J. Super. 114 (App. Div. 1996). "The core equitable concern in applying laches is whether [the opposing] party has been [unfairly] harmed by the delay." Knorr, 178 N.J. at 181 (citing Lavin, 90 N.J. at 152-53).

Under Rule 4:50-1(d), a party may seek to vacate default judgment by demonstrating "the judgment or order is void." Rule 4:50-1(f) has been described as a catch-all provision, and in "exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Relief under Rule 4:50-1(f) is available only when "truly exceptional circumstances are present," because of the "importance that we attach to the finality of judgments." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

Motions pursuant to Rule 4:50-1(d) and (f) "shall be made within a reasonable time[] . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. The length of time between entry of the default judgment and a motion to vacate should be considered in determining whether to grant relief. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003). "The '"rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case."'" Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). Whether the delay is reasonable is based on a totality of the circumstances, determined in the discretion of the motion judge. Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021).

Here, Costello moved to vacate default judgment: eleven years after judgment was entered; eight years after she objected to garnishment of her wages; five years after filing the Essex County class action complaint; and five years after receiving compensation from a federal class action settlement involving LVNV's alleged violations of the CFLA. During oral argument on the motion, defense counsel conceded Costello's filing the Essex County class action complaint and forgoing a motion to vacate default was a tactical decision.

Costello's reliance on LVNV Funding, LLC v. Deangelo, 464 N.J. Super. 103 (App. Div. 2020), is unpersuasive. There, the defendant moved to vacate default judgment eight years after entry, but the plaintiff violated the FDCPA by failing to file the complaint within four years after the cause of action accrued. Id. at 106. In balancing the parties' respective failures and the public policy implications of the plaintiff's actions, the trial court found the plaintiff's violation of the FDCPA outweighed the defendant's inexcusable neglect and therefore dismissed the complaint pursuant to Rule 4:50-2(f). Ibid. We affirmed, deferring to the trial court's determination that "interest in curbing abusive collection practices outweighed the interest in the finality of judgments." Id. at 110.

However, Deangelo did not create a bright line rule that requires the same outcome in this case, even if, as Costello argues, she sought only to litigate the matter and not to dismiss the complaint. Moreover, unlike the defendant in Deangelo, Costello was aware of LVNV's licensing issue at least five years prior to her motion as evidenced by her participation in both federal and state litigation.

On this record, the motion judge found Costello failed to provide a good faith reason for the inordinate delay, nor any valid excuse for her failure to

defend this action throughout the duration of this case, despite her participation in the intervening litigation. Thus, we discern no basis to disturb the order denying Costello's motion based on the doctrine of laches and the timeliness requirements of <u>Rule</u> 4:50-2.

To the extent we have not expressly addressed any remaining issues raised by Costello, it is because they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3446-23